UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
EDWARD FOSKEY,

                                        Plaintiff,

                -against-

OFFICER MARTIN ZIMMER, Public Servant;
CHIEF MICHAEL SMITH, Freeport Chief of Police;
FREEPORT POLICE DEPARTMENT, ALL COUNTY
TOWING, all its employees; INCORPORATED VILLAGE
OF FREEPORT,

                                        Defendants.
-------------------------------------------------------------------------X

**FILED**
**CLERK**

9:32 am, Jun 16, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**ORDER TO SHOW CAUSE**</u>
23-CV-3583(GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

    Before the Court is the application to proceed *in forma pauperis* filed by *pro se* plaintiff

Edward Foskey ("Plaintiff") in support of his complaint against Officer Martin Zimmer ("Officer

Zimmer"), Freeport Police Chief Michael Smith ("Chief Smith"), the Freeport Police Department,

All County Towing, and the Incorporated Village of Freeport ("Village" and collectively,

"Defendants").   *See* Docket Entry "DE" 1-2.

    Upon review, the Court finds that Plaintiff is qualified by his financial status to commence

this action without prepayment of the filing fee.   Accordingly, Plaintiff's application to proceed

IFP (DE 2) is granted.   However, upon review of the complaint in accordance with 28 U.S.C. §

1915(e)(2)(B), in light of Plaintiff's *pro se* status and the sparse facts alleged, the merits of the

claims presented are dubious for the reasons that follow.   Accordingly, **Plaintiff is ordered to**

**show cause in writing within 30 days from the date of this Order why his claims should not**

**be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be**

**granted**.

## BACKGROUND

**1.  Summary of the Complaint[1]**

*Pro se* Plaintiff's complaint is submitted on the United States District Courts National Form: "Pro Se 15 Complaint for Violation of Civil Rights (Non-Prisoner)" and is brief.   DE 1. Plaintiff checked the boxes under each Defendant to allege that his claims are brought against them in their individual and official capacities.   DE 1 at ¶ I.   Plaintiff alleges that his claims are brought pursuant to 42 U.S.C. § 1983 and alleges that his "freedom of movement" and his "right to own and possess private property was violated."   *Id.* at ¶ II. A- B. In the space on the form that asks the plaintiff to "explain how each defendant acted under color of state or local law," *id*. ¶ at II. D, Plaintiff wrote: "On January 25,2021 Freeport Police carjacked the Plaintiff and stole his private automobile in the Village of Freeport without probable cause without a warrant.   Each and every defendant is liable for violating the Plaintiff freedom of movement."   *Id.*   Plaintiff's Statement of Claim alleges, in its entirety, that on Sunrise Highway and North Ocean Avenue in Freeport, New York at about 5:30 pm on January 25, 2021:

> Freeport Police infringed on Plaintiff's freedom of movement, right to travel. Freeport Police with the assistance from the rest of the defendants stole his private automobile/mobile home violating due process laws, trespassing on the Plaintiff un-a-lien-able rights.

*Id.* ¶ III.[2]   In the space that calls for any injuries sustained as a result, Plaintiff wrote:

---

[1]  Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2]  Notably, this is Plaintiff's second *pro se in forma pauperis* complaint relating to his vehicle.   *See Foskey v. New York State, et al.*, 22-CV-2456(GRB)(ARL), DE 1 (the "First Complaint").   By Order dated August 10, 2022, the Court dismissed the complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B).   There, Plaintiff alleged that, due to his non-payment of red-light camera tickets, he had received notices threatening to, among other things, "immobilize his automobile."   *See* First Complaint, DE 1 at 4, ¶ 7(A).   In dismissing Plaintiff's due process claims there, the Court explained: "[D]eprivation of property by a state actor will not support a due process claim

> Injuries include harassment, public humiliation, defamation of character, quality of life violation, depression, anxiety, fearfulness, nightmares of being attacked by police do to the defendant's stealing the Plaintiff mobile home he had to live in a homeless shelter, added chaos and corruption to the Plaintiff's life."

*Id.* at ¶ IV.    For relief, Plaintiff seeks "an order to be granted for the release of his automobile/mobile home immediately with no fee attached from the Freeport Police Department and All County Towing Service."    *Id.* at ¶ V.    Plaintiff also seeks a damages award in the sum of $3 million as "[p]unitive damages for the continuation of criminal activities[,] lost business opportunities, livelihood infringement, lost of mental health, lost of peace of mind, lost of trust in public servants, lost of sleep, lost of safety and security."    *Id*.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).    *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

### 1.  *In Forma Pauperis*

Upon review of the IFP application, DE 2, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee.    Therefore, the application to proceed IFP is granted.

### 2.  **Sufficiency of the Pleadings**

As Judge Bianco summarized,

A district court is required to dismiss an *in forma pauperis* complaint if the action

---

redressable under § 1983 if 'adequate state post-deprivation remedies are available.'"    *See* Order, DE 9 at 10 n. 3 (quoting *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (dismissing deprivation of property claim under § 1983 because other state remedies were available)).

is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).  The Court is required to dismiss the action as soon as it makes such a determination.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Plaintiff's thin allegations do not allege a plausible claim against any Defendant for several reasons.  Insofar as Plaintiff seeks to impose liability upon the Freeport Police Department, it lacks an independent legal identity apart from the municipality, the Village, and cannot be sued

4

directly.  *See, e.g.*, *Walker v. U.S. Marshals*, No. 08-CV-959, 2009 WL 261527, at *2 (E.D.N.Y. Feb. 4, 2009) (finding that a municipal police department is not subject to suit pursuant to 42 U.S.C. § 1983, because "[u]nder New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued"); *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued.").

Plaintiff's claims against the Village, as alleged, fare no better because municipal governments, like the Village, may be held liable under Section 1983 "only for unconstitutional or illegal policies, not for the illegal conduct of their employees."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).   Thus, the Village could only face liability if Plaintiff alleged a pattern or practice of such conduct.  *See*, *e.g.*, *Arroyo v. Nassau County Corr.*, No. 22-CV-5611(GRB)(LGD), 2022 WL 16636774, at *2 (E.D.N.Y. Nov. 2, 2022) (dismissing Section 1983 complaint against municipality where Plaintiff "failed to allege any facts from which the Court could reasonably discern a municipal liability claim") (citing *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom")).   As is readily apparent, Plaintiff's complaint is devoid of any such allegations.

Further, to the extent that Plaintiff seeks to impose liability upon Chief Smith and Officer Zimmer in their official capacities, such claims are duplicative of those brought against the Village.

*See, e.g., Zachary v. Clinton County, N.Y.*, No. 01-CV-1281, 2003 WL 24197685, at *2 (N.D.N.Y. Jan. 10, 2003) ("Claims against individual defendants in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant.") (internal quotation marks and citation omitted).

Moreover, it appears that Plaintiff seeks to impose Section 1983 liability upon Chief Smith given the supervisory position he holds. However, an individual, such as Chief Smith, will not be held liable by virtue of his or her supervisory position alone. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Rather, as the Second Circuit Court of Appeals made clear in *Tangreti v. Bachmann*, 983 F.3d. 609, 620 (2d Cir. 2020), "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id*. Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order). *See also Chambers v. Toulon*, No. 22-CV-5463(GRB)(ARL), 2022 WL 11729696, at *3 (E.D.N.Y. Oct. 20, 2022) (dismissing Section 1983 claims against the Sheriff in the absence of any allegations of conduct or inaction attributable to him).

Nor has Plaintiff sufficiently alleged the personal involvement of any individual defendant. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted). "[B]ald assertions and conclusions of law" are insufficient to establish personal involvement. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Apart from

6

the caption and the "Parties to This Complaint" sections, none of the individuals are again mentioned in the complaint. Thus, Plaintiff has not identified the conduct or inaction of each individual upon whom he seeks to impose Section 1983 liability.

Apart from these deficiencies, although it appears Plaintiff seeks to allege a denial of procedural and substantive due process, he has not sufficiently alleged such claims. As the Court made clear in its August 10, 2022 Order dismissing the First Complaint:

> [P]laintiff must allege both the existence of a protected liberty or property interest, and that he or she was deprived of that interest without being afforded sufficient process. *Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004) (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). Procedural due process generally requires, at a minimum, that the state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest. *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Here, as Plaintiff acknowledges, he "received several notices in the mail from Nassau County, NY Red Light Camera Division to appear at [the] Nassau County Traffic & Parking Violations Agency" and that "Plaintiff did not show up." Compl., DE 1 at 3, ¶ 5. Indeed, Plaintiff has annexed to his complaint copies of the notice he received apprising him of the hearing date, including the consequence of nonappearance. *See* Compl., DE 1, at Ex. A. Further, Plaintiff received a copy of the "Hearing Notice of Determination", which he apparently intentionally ignored, and then a "Delinquent Notice of Liability" followed. *Id.* Plaintiff then received a "Final Notice – Unpaid Notice of Liability" which he also ignored. *Id.* As is readily apparent, Plaintiff was afforded multiple opportunities to appear and elected to forego his opportunities to be heard after receiving notice.

*See* 22-CV-2546, Aug.10, 2022 Order, DE 9 at 9-10. As for substantive due process, the Court explained:

> To bring a substantive due process claim, a plaintiff must plead (1) the deprivation of a constitutional right, and (2) state action that 'was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Carter v. Campanelli*, No. 22-CV-2702(AMD)(LB), 2022 WL 1667022, at *2 (E.D.N.Y. May 25, 2022) (quoting *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021) (*add'l* citation omitted)). Here, Plaintiff's conclusory allegations do not satisfy either prong. *See* Compl. DE 1, *in toto*.

*See* 22-CV-2546, Aug.10, 2022 Order, DE 9 at 10. Even with this guidance, the present *pro se*

complaint, even afforded a liberal construction, includes no facts from which the Court could reasonably find Plaintiff has been deprived of any constitutional right nor that any alleged state action shocks the contemporary conscience.

Notwithstanding these deficiencies, the Court affords Plaintiff the opportunity to develop the record.   Accordingly, **Plaintiff is ordered to show cause in writing within 30 days why his claims should not be dismissed for the reasons set forth above.   Plaintiff is warned that a failure to timely respond to this order, absent a showing of good cause, will lead to the dismissal of his claims with prejudice and judgment shall enter**.   Plaintiff is well-advised to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone. If you wish to contact the *Pro Se* Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP is granted. **Plaintiff is ordered to show cause in writing within 30 days why his claims should not be dismissed for the reasons set forth above.   Plaintiff is warned that a failure to timely respond to this order, absent a showing of good cause, will lead to the dismissal of his claims with prejudice and judgment shall enter**.   For the reasons set forth above, Plaintiff's request for a preliminary injunction is **DENIED**.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall serve a copy of this order to Plaintiff at his address of record and to note such service on the docket.

**SO ORDERED**.

*/s/ Gary R. Brown*
**Hon. Gary R. Brown**
**United States District Judge**

Dated:        June 16, 2023
              Central Islip, New York